24CA1981 Peo v Acker 07-30-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1981
Arapahoe County District Court No. 23CR1145
Honorable Darren Vahle, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Hilton Allen Michael Acker,

Defendant-Appellant.

SENTENCE AFFIRMED

Division IV
Opinion by JUDGE SCHOCK
Welling and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 30, 2026

Philip J. Weiser, Attorney General, Caitlin E. Grant, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Taylor J. Hoy, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Hilton Allen Michael Acker, appeals his thirty-year sentence for second degree kidnapping, with a crime of violence sentence enhancer. He contends that, in imposing the sentence, the district court ignored mitigating evidence and improperly relied on his eligibility for parole. We disagree and affirm the sentence.

## I.    Background

¶ 2    Acker was charged with two counts of sexual assault (of the same victim), second degree kidnapping, aggravated robbery, and a crime of violence sentence enhancer. According to the arrest warrant affidavit, Acker got in the victim's car, forced her at gunpoint to drive to an alley and then a parking garage, sexually assaulted her at each location, and stole her phone.

¶ 3    Under a plea agreement, Acker pleaded guilty to the second degree kidnapping and crime of violence counts, with a stipulated sentencing cap of thirty years in prison. The plea agreement specified that the mandatory minimum sentence was sixteen years.

¶ 4    At sentencing, the district court heard from (1) the prosecutor, who requested a thirty-year sentence; (2) Acker's counsel, who requested a sixteen-year sentence; (3) Acker's sister, who asked for leniency and spoke about his positive qualities, including that he

takes care of his mother and other family members; (4) Acker's cousin, a pastor, who also asked for leniency and expressed his commitment to actively mentoring and supporting Acker during his rehabilitation; and (5) Acker himself, who asked for leniency.

¶ 5 In imposing the sentence, the district court acknowledged Acker's family members' reasons for requesting leniency but emphasized the "shock[ing]" nature of Acker's offenses and his criminal history, including that he had previously been charged with similar conduct against another woman. The court explained that if Acker had gone to trial and been found guilty, the court would have imposed the maximum possible consecutive sentences totaling "in the hundreds of years." The court therefore concluded that Acker had already been shown leniency by the prosecutor's agreement to a thirty-year cap, which would allow Acker the possibility of parole in his lifetime. The court then sentenced Acker to thirty years in prison.

## II. Scope of Appeal and Standard of Review

¶ 6 Because Acker's thirty-year sentence did not exceed the stipulated sentencing cap, Acker may not challenge the propriety of his sentence — that is, "the intrinsic fairness or appropriateness of

the sentence itself." *Sullivan v. People*, 2020 CO 58, ¶ 13; *see also People v. Prophet*, 42 P.3d 61, 63 (Colo. App. 2001) ("Because defendant's sentence did not exceed the sentencing cap set by his plea agreement, we conclude that he is precluded by § 18-1-409(1)[, C.R.S. 2025,] from appealing the propriety of his sentence."); § 18-1-409(1) ("[I]f the sentence is within a range agreed upon by the parties pursuant to a plea agreement, the defendant shall not have the right of appellate review of the propriety of the sentence.").

¶ 7     But he may challenge "the manner in which the sentence was imposed." § 18-1-409(1). This includes those "extrinsic factors and procedures which affect the determination of the sentence," including "the sufficiency and accuracy of the information on which the sentence was based." *Sullivan*, ¶ 13 (citation omitted).

¶ 8     We review the district court's sentencing decision for an abuse of discretion. *People v. Hunsaker*, 2013 COA 5, ¶ 25, *aff'd*, 2015 CO 46. A district court necessarily abuses its discretion when it misconstrues or misapplies the law. *Id.*

## III. Analysis

¶ 9 Acker first argues that the district court "failed to give meaningful weight to mitigation and rehabilitation evidence," focusing instead on the severity of the offense. To the extent this is a challenge to *how* the district court weighed these competing sentencing considerations, it is a challenge to the propriety of the sentence, which we cannot review. *See People v. Bloom*, 251 P.3d 482, 483 (Colo. App. 2010) (holding that argument that the district court "did not properly weigh the statutory sentencing factors" was a challenge to the propriety of the sentence, which could not be reviewed), *overruled on other grounds by, Sullivan*, ¶¶ 17-18.

¶ 10 To the extent Acker contends that the district court did not consider mitigation or rehabilitation evidence at all, we are not persuaded. *See People v. Dominguez*, 2021 COA 76, ¶ 11 (holding that a claim that the district court ignored statutory considerations in forming the sentence was a challenge to the manner in which the sentence was imposed). In imposing its sentence, the district court expressly addressed (and credited) Acker's family members' statements about Acker's character and his potential for rehabilitation, saying: "[Y]our family is here, they tell me that you

help your mother, that you help your family, that you work hard, that you're a nice person, that they love you deeply, and I don't doubt any of those things. I think all of those things are true."

¶ 11 But the court determined that any mitigating factors were outweighed by the severity of the crime, Acker's criminal history, and the danger he posed to the community. That was the district court's prerogative. *See People v. Vigil*, 718 P.2d 496, 507 (Colo. 1986) ("[T]he circumstances of the crime alone may justify the imposition of a lengthy sentence."); *People v. Hernandez-Luis*, 879 P.2d 429, 430 (Colo. App. 1994) ("[T]he fact that a sentencing court finds aggravating factors to be more compelling than mitigating factors does not constitute an abuse of discretion or indicate that the trial court failed to consider evidence of mitigation.").

¶ 12 Acker also contends that the district court improperly relied on his parole eligibility. But contrary to Acker's characterization of the court's comments, nothing in the record suggests that the court imposed a longer sentence than it otherwise would have because Acker might later be released on parole. Instead, the court was simply contrasting the sentence it was imposing with the sentence it would have imposed after trial — multiple consecutive sentences

totaling "hundreds of years." The purpose of this comment was not to justify a longer sentence but to explain to Acker that he had already received the leniency that he and his family had asked for.

## IV. Disposition

¶ 13 The sentence is affirmed.

JUDGE WELLING and JUDGE LUM concur.